IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Edward Swan, Jr., et al., ) | CASE NO. 1:15 CV 97 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| Safeco Insurance Company of Indiana, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on the Plaintiffs' Motion to Remand (ECF #4). The motion to remand is opposed by Defendant Safeco Insurance Company of Indiana. ("Safeco"). For the reasons that follow, the motion to remand is denied.

Plaintiffs move to remand this action to the Cuyahoga County Court of Common Pleas on the ground that removal was improper because this is a "direct action" against the Defendant insurance company and under 28 U.S.C. § 1332(c)(1)(A) the insurer will be deemed a citizen of the State of which the insured is a citizen. As such, there is no diversity of citizenship between plaintiffs and defendant and the action should be remanded to state court.

While Plaintiffs' motion would be sound if this were a "direct action" as that term is used in § 1332(c)(1)(A), the action at bar is not a direct action. In this case, Plaintiffs bring suit against their own insurance company for the insurer's alleged misconduct. As used in this statute, the term "direct action" refers to an action in which an injured party sues—not the tortfeasor—but instead the tortfeasor's liability insurer. *See Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir.2003); *Peterson v. TIG Specialty Ins. Co.*, 211 F.Supp.2d 1013, 1015 (S.D.Ohio 2002) (the term "direct action" is one in which the injured party is entitled

to bring suit against the tortfeasor's liability insurer without joining the insured or first obtaining a judgment against the insured). An action between an insured plaintiff and that insured's own insurance company is not a "direct action" within the meaning of § 1332(c) (1)(A). See *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899–900 (6th Cir.2003) ("Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.").

As Safeco will not be deemed a citizen of Ohio under § 1332(c)(1), diversity is complete and Plaintiff's Motion to Remand (ECF#4) is denied. IT IS SO ORDERED.

                                        __/s/Donald C. Nugent_____
                                        DONALD C. NUGENT
                                        UNITED STATES DISTRICT JUDGE

DATED:  March 10, 2015